NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
WILMAN PINTO, et al.,               :
                                    :
        Plaintiffs,                 :
                                    :
              v.                    :   Civil No. 07-3111 (AET)
                                    :
SPECTRUM CHEMICALS AND              :   **MEMORANDUM & ORDER**
LABORATORY PRODUCTS,                :
et al.,                             :
                                    :
        Defendants.                 :
_____:

THOMPSON, U.S.D.J.

This matter is before the Court upon Plaintiffs Wilman Pinto's and Alvaro Vasquez's Motion for Remand to State Court for lack of subject matter jurisdiction. The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs' Motion is granted.

BACKGROUND

A.      Factual Background

Plaintiffs are two former employees of Defendant Spectrum Laboratory Products, Inc ("Laboratory"), a subsidiary of Defendant Spectrum Chemical Manufacturing Corporation ("Chemical"). Plaintiffs' Motion to Remand contends that the Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff Pinto is an individual and resident of New Jersey, and Defendants are California corporations with their principal places of business in California. Plaintiff Vasquez is an individual and former resident of New Jersey who is a dual

citizen of the United States and the Republic of Colombia. Vasquez's status is at issue in this Motion.

Plaintiff Vasquez resided in New Jersey from 1989 until August 2006. (Certified Translation of Vasquez Decl. ("Vasquez Decl."), ¶ 5.) He became a lawful permanent resident of the United States in 1991, and subsequently became a naturalized citizen in 1999. (Vasquez Decl., ¶¶ 2, 4.) In addition to being a United States citizen, Vasquez continues to retain his Colombian citizenship. (Id., ¶ 3.)

Plaintiff Vasquez and his family moved to Cali, Colombia in August 2006, where he continues to reside. (Id., ¶ 6.)

B.   Procedural Background

On May 21, 2007, Plaintiffs filed an action against Defendants in the Superior Court of New Jersey, Law Division, Middlesex County. In their lawsuit, Plaintiffs alleged that, after they raised concerns about workplace safety, Defendants unlawfully terminated their employment. Plaintiffs allege a number of state law violations in their Complaint. Defendants filed a Notice of Removal in this Court on July 5, 2007, and contended that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because (1) Plaintiff Pinto is a resident of New Jersey; (2) Plaintiff Vasquez is a resident of the Republic of Colombia; (3) Defendants are California corporations with their principal place of business in California; and (4) the amount in controversy exceeds $75,000.

On July 27, 2007, Defendants filed a Motion to Dismiss Counts Two, Four, and Five of the Complaint. Plaintiffs filed this Motion to Remand on August 20, 2007, stating that there is no subject matter jurisdiction, and submitted a certified translation of a Spanish-language

affidavit by Plaintiff Vasquez.  The affidavit sets forth the facts relevant to this Motion.

DISCUSSION

Plaintiffs argue that this action cannot proceed in federal court because Vasquez, as a dual citizen individual who is domiciled in a foreign state, cannot sue or be sued under § 1332. Defendants contend that, for the purposes of determining whether diversity exists, the Court should consider Plaintiff Vasquez's Colombian citizenship, rather than his American citizenship, and deem him to be a "citizen or subject of a foreign state."

A.	Standard of Review for Remand

Removal of a state action to federal court is proper if the matter could have been brought originally in federal court.  28 U.S.C. § 1441(a).  Defendants' Notice of Removal pursuant to 28 U.S.C. § 1441 asserted that Plaintiff Vasquez was a resident of Colombia, thereby furnishing a basis for original jurisdiction in the Court under the alienage provisions of 28 U.S.C. § 1332. The Court, however, must ensure that it continues to have subject matter jurisdiction over the action, and may remand an improperly removed action to state court either by motion from a party or *sua sponte*.  28 U.S.C. § 1447(c); Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).

The federal statutes governing removal are strictly construed in favor of remand.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).  In the interests of federalism and comity, federal courts construe removal narrowly, "confin[ing] their own jurisdiction . . . [and] resolving any doubts in favor of remand."  Gateway 2000, Inc. v. Cyrix Corp., 942 F. Supp. 985, 989 (D.N.J. 1996) (internal citations and quotations omitted).

B.	Diversity and Alienage Jurisdiction

Plaintiffs argue that Defendants' removal to federal court was improper because Plaintiff Vasquez is a dual citizen of both the United States and Colombia who is domiciled abroad and, therefore, Defendants cannot invoke either diversity or alienage jurisdiction pursuant to § 1332.

The relevant sections of § 1332 provide:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties;[1]

Defendants concede that jurisdiction would not be found pursuant to 1332(a)(1), which permits suits in federal courts between "citizens of different States." 28 U.S.C. § 1332(a)(1). In order for the Court to exercise jurisdiction under this provision, the individual parties "must both be a citizen of the United States *and* be domiciled within [a] State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). In this case, Plaintiff Vasquez terminated his residential lease in New Jersey when he moved, and he does not own property in New Jersey or anywhere else in the United States. (Vasquez Decl., ¶¶ 7, 11.) He holds a Colombian driver's license, has a Colombian bank account in his name, and attends church in Cali. (Id., ¶¶ 13-15.) Vasquez's three school-aged children receive educations in Colombia. (Id., ¶ 12.) On these facts, Plaintiff Vasquez is not domiciled anywhere in the United States.

Defendants specifically assert that jurisdiction is proper under either § 1332(a)(2) or § 1332(a)(3). Neither the Third Circuit nor other courts in this District have expressly ruled on whether an individual who is a dual citizen of both the United States and another country,

---

[1] The parties concede that § 1332(a)(4) does not apply to this Motion.

domiciled in the latter, is considered a "citizen[] or subject[] of [that] foreign state" within the meaning of § 1332.

      1.      Jurisdiction under § 1332(a)(2)

Plaintiffs argue that, because Vasquez is a dual citizen of the United States and Colombia, the Court should consider only his United States citizenship in order to determine whether diversity jurisdiction exists. Defendants urge the Court to consider his Colombian citizenship as his dominant nationality and therefore determine Plaintiff Vasquez to be a citizen of a foreign state.

A number of courts that have considered the issue of whether alienage jurisdiction exists where an individual is a dual citizen have held that "only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332." Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996); Sadat v. Mertes, 615 F.2d 1176, 1187 (7th Cir. 1980); see also Brooks v. Girois, No. 03 Civ. 3260, 2003 U.S. Dist. LEXIS 14051, at *6-7 (E.D. Pa. Aug. 11, 2003) (citing cases). The Court adopts this rule.

Considering only the American citizenship of a dual citizen is appropriate in light of the policy considerations underlying alienage jurisdiction. Other courts have recognized that "the major purpose of alienage jurisdiction is to promote international relations by assuring other countries that litigation involving their nationals will be treated at the national level, and . . . to allow foreign subjects to avoid real or perceived bias in the state courts . . . ." Coury, 85 F.3d at 250; see also Sadat, 615 F.2d at 1182 (7th Cir. 1980) (equating alienage jurisdiction to a form of protective jurisdiction over "matters implicating international relations where the national interest was paramount."). Plaintiff Vasquez, as an American citizen, does not fall into the

category of persons that the statute was created to protect from any "real or perceived bias" from a state court.  The need to afford Plaintiff Vasquez the protection of the federal courts is, therefore, attenuated.  Under Defendants' reading of § 1332(a)(2), a naturalized dual citizen with a foreign domicile would have greater access to the federal courts than native-born American citizens domiciled abroad.  This reading lacks any justification that is grounded in the policies supporting alienage jurisdiction.

Defendants argue that the Sadat court recognized a dominant nationality exception to its rule that the American citizenship of a dual citizen should control for the purposes of jurisdiction under § 1332(a)(2).  Under this exception, a basis for federal jurisdiction exists where a dual citizen's dominant nationality is that of the foreign state, and is defined with reference to his "residence or other association subject to his control."  Sadat, 615 F.2d at 1187 (citing Restatement (Second) of the Foreign Relations Law of the United States § 171(c) (1965)).  Further, a dominant nationality of another state is found where the individual "has manifested an intention to be a national of the other state and has taken all reasonably practical steps to avoid or terminate his status as a national of the [United States]."  Id.  Defendants argue that, in light of Plaintiff Vasquez's ties to Cali, Colombia, his dominant nationality is Colombian for the purposes of determining whether the Court has diversity jurisdiction.

Defendants' argument, however, is missplaced.  The Sadat court refused to apply the dominant nationality exception, noting that "[a]s part of the naturalization process [plaintiff] swore allegiance to the United States and renounced any to foreign states" and, therefore, his dominant nationality could not be Egyptian.  615 F.2d at 1187-88.  No other circuit has considered the dominant nationality exception to diversity jurisdiction, and it is not clear what

actions by a dual citizen would constitute "reasonably practical steps to avoid or terminate" his or her American citizenship.  The Third Circuit has stated, without ever considering the dominant nationality exception, that in order for an American citizen domiciled abroad to be considered a citizen of a foreign state, "he must renounce his United States citizenship and acquire citizenship in the foreign country."  Pemberton v. Colonna, 290 F.2d 220, 221 (3d Cir. 1961).  In the instant case, there is no evidence that Plaintiff Vasquez has taken any steps to renounce his American citizenship.  The act of establishing a domicile in a foreign country, without more, does not cause an individual to relinquish his American citizenship.  Thus, the Court finds that the dominant nationality exception, were it to be recognized by the Third Circuit, would not apply to Plaintiff Vasquez.

      2.      Jurisdiction under § 1332(a)(3)

Defendants contend that jurisdiction may be found under § 1332(a)(3), which, assuming the monetary jurisdictional threshold has been met, permits federal courts to hear matters between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  Defendants argue that, as the dispute already involves a citizen of New Jersey and citizens of California, Plaintiff Vasquez is an additional party who should be considered a citizen of Colombia.  Defendants' argument fails.

Defendants fail to cite a single case in which the foreign citizenship of a dual citizen individual was considered by a court in favor of finding diversity jurisdiction.  Two of the cases Defendants rely on involve diverse citizens and aliens, rather than dual citizens, on one or both sides of the action.  Dresser Indus., Inc. v. Underwriters at Lloyd's of London, 106 F.3d 494, 496 (3d Cir. 1997); E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., No. 82 Civ. 73727JSM,

1999 WL 350857, at *5, *10 (S.D.N.Y. June 2, 1999). Similarly, one court's recognition of the dual citizenship of a limited liability corporation turned on the party's status as a corporate entity. See Tango Music, L.L.C. v. Deadquick Music, Inc., 348 F.3d 244, 245 (7th Cir. 2003) (holding that "for diversity purposes the citizenship of a [limited liability company] is that of its members."). The Court is not persuaded that it should extend the rule concerning the citizenship of corporate entities for the purposes of diversity jurisdiction to dual citizen individuals.

Moreover, it is a canon of statutory construction that identical words appearing in different sections of the same statute are presumed to have the same meaning. IBP, Inc. v. Alvarez, 546 U.S. 21, 34 (2005); Booth v. Churner, 206 F.3d 289, 294 (3d Cir. 2000). An interpretation of "citizens or subjects of a foreign state" under § 1332(a)(3) that includes consideration of the foreign citizenship of a dual citizen individual would be inconsistent with the accepted reading of § 1332(a)(2), which considers only the American citizenship of such an individual. Further, such a reading would be wholly incongruent with the policies underpinning diversity and alienage jurisdiction. Thus, the Court construes § 1332(a)(3) as permitting it to consider only Plaintiff Vasquez's American citizenship, and finds that the requirements of diversity jurisdiction are not met.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 19th day of October, 2007,

ORDERED that Plaintiffs Wilman Pinto's and Alvaro Vasquez's Motion to Remand to State Court [8] is GRANTED; and it is further

ORDERED that Defendants Spectrum Chemicals and Laboratory Products, Inc.'s and

Spectrum Chemical Manufacturing Corp.'s Motion to Dismiss Counts Two, Four, and Five [5] is DENIED as moot.

                                                                      s/ Anne E. Thompson
                                                                      ANNE E. THOMPSON, U.S.D.J.